FILED
CLERK, U.S. DISTRICT COURT

11/30/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HAKOB MAZLUMYAN,<br><br>　　　　Defendant. | CR No. 2:23-cr-00584-ODW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

### COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about March 23, 2023, in Los Angeles County, within the Central District of California, defendant HAKOB MAZLUMYAN knowingly possessed the following firearm and ammunition inside of a vehicle, each in and affecting interstate and foreign commerce:

1. a Springfield Armory, model 911, .380 caliber pistol, bearing serial number CC124190;
2. five rounds of Fiocchi .380 caliber ammunition; and
3. one round of Winchester Ammunition .380 caliber ammunition.

Defendant MAZLUMYAN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Conspiracy to Commit a Crime, in violation of California Penal Code Section 182(a)(1), in the Superior Court for the State of California, County of Orange, Case Number 12HF3150, on or about September 5, 2013; and

2. Conspiracy to Commit a Crime, in violation of California Penal Code Section 182(a)(1), in the Superior Court for the State of California, County of Ventura, Case Number 2012015026, on or about January 11, 2013.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about March 23, 2023, in Los Angeles County, within the Central District of California, defendant HAKOB MAZLUMYAN knowingly possessed the following firearm and ammunition inside a residence, each in and affecting interstate and foreign commerce:

1. a Bersa, model Thunder 380, .380 APC caliber pistol, bearing serial number L44066; and

2. seven rounds of Companhia Brasileira de Cartuchos .380 caliber ammunition.

Defendant MAZLUMYAN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

3. Conspiracy to Commit a Crime, in violation of California Penal Code Section 182(a)(1), in the Superior Court for the State of California, County of Orange, Case Number 12HF3150, on or about September 5, 2013; and

4. Conspiracy to Commit a Crime, in violation of California Penal Code Section 182(a)(1), in the Superior Court for the State of California, County of Ventura, Case Number 2012015026, on or about January 11, 2013.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in any of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearms or ammunition involved in or used in any such offense, including but not limited to:

   i. a Springfield 911, 380 caliber pistol, bearing serial number CC124190;
   ii. a Thunder 380 Bersa, 380 caliber semiautomatic pistol, bearing serial number L44066;
   iii. 5 rounds of G.F.L. .380 caliber ammunition;
   iv. 1 round of WIN .380 caliber ammunition; and
   v. 7 rounds of CBC .380 caliber ammunition.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property

4

described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                      A TRUE BILL

                                      /s/
                                      Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

COLIN S. SCOTT
Assistant United States Attorney
General Crimes Section